**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JEZHANE SMALLS,**

     **Plaintiff,**

**v.**                     **CASE NO:**

**DEJA VU SHOWGIRLS TAMPA,**

     **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEZHANE SMALLS, (hereinafter "Plaintiff" or "Ms. Smalls"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, DEJA VU SHOWGIRLS TAMPA (hereinafter "Defendant," or "Deja Vu") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, DEJA VU SHOWGIRLS TAMPA, her former employer, seeking to recover damages for unlawful discrimination based on race in violation of 42 U.S. Code § 1981 - Equal rights under the law.

2.    As further set forth below, Plaintiff alleges that Defendant

unlawfully discriminated against her and altered the terms, conditions, and privileges of her employment because of her race in violation of her rights under 42 U.S. Code § 1981 - Equal rights under the law.

3.      As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this action and seeks recovery of the same.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1981.

6.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§

1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and because Defendant has sufficient contacts within the district to be subject to personal jurisdiction.

## PARTIES

8.    Plaintiff is a Black female who resides in Florida.

9.    Plaintiff is a member of a class protected against discrimination based on her race under 42 U.S. Code § 1981.

10.    Defendant employed Plaintiff as an exotic dancer/entertainer.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable state and federal statutes.

12.    The Defendant DEJA VU SHOWGIRLS TAMPA is a Foreign Limited Liability Company with its principal place of business located at 6805 E Adamo Dr., Tampa, FL 33619.

13.    At all times material herein, Defendant, DEJA VU SHOWGIRLS TAMPA, regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, from its location at 6805 E Adamo Dr., Tampa, FL 33619, where it employed Plaintiff.

14.     At all times material herein, Defendant, DEJA VU SHOWGIRLS TAMPA, met, and continues to meet, the definitions of "employer" under all applicable state and Federal statutes including, but not limited to, 42 U.S. Code § 1981 - Equal rights under the law.

15.     Accordingly, Defendant, DEJA VU SHOWGIRLS TAMPA, is liable under 42 U.S. Code § 1981 - Equal rights under the law for the unlawful discrimination to which it subjected Plaintiff.

## GENERAL ALLEGATIONS

16.     Ms. Smalls worked for Deja Vu Showgirls Tampa as an exotic dancer and entertainer. Her duties included performing on stage and providing entertainment services to customers at the club located at 6805 E. Adamo Drive, Tampa, Florida 33619.

17.     Throughout her employment, Ms. Smalls was subjected to a pattern and practice of racial discrimination, harassment, and disparate treatment by Defendant's management, including but not limited to manager Danny, who applied club rules in a racially discriminatory manner and made racially charged remarks about Black dancers.

18.     Danny made explicit racist statements to Ms. Smalls and other Black dancers, including stating that "back in the day, Black girls couldn't

get hired unless they were a 10," reflecting his belief that Black women were required to meet higher and different standards than white dancers in order to be employed and accepted at the club.

19.    Danny further demonstrated racial animus when he told Black dancer Mariah that having "too many of 'you' in one space causes problems," referring to the presence of multiple Black dancers.

20.    Danny repeatedly made racially discriminatory comments questioning why Ms. Smalls "deserved money" and disparaging Black dancers for seeking fair compensation, implying that Black performers were less deserving of earnings than their non-Black counterparts.

21.    Danny subjected Ms. Smalls to sexually inappropriate and degrading comments intertwined with racial hostility, including stating words to the effect of "I didn't like that I didn't get to see your pussy on stage."

22.    Danny enforced club rules selectively based on race, scrutinizing and criticizing Black dancers for conduct that white and Latina dancers were permitted to engage in without discipline.

23.    Multiple white and Latina dancers openly acknowledged this preferential treatment, stating words to the effect of "Danny lets me do

whatever I want," including performing without full nudity despite purported club requirements.

24.    Danny told other staff members that he intended to place Ms. Smalls on a "30-day probation" for alleged performance issues, but never communicated any probation or discipline to Ms. Smalls directly. Instead, this threat was used as gossip and pretext while white and non-Black dancers were not disciplined for the same conduct.

25.    Danny engaged in heightened and inappropriate surveillance of Ms. Smalls during her performances, staring at her and monitoring her movements far more closely than white dancers.

26.    On or about October 13–14, 2025, when Ms. Smalls passed out at the club, Danny attempted to record her on camera despite her objections, requiring other dancers to intervene and tell him to stop.

27.    Danny engaged in an ongoing pattern of bullying and harassment toward Ms. Smalls, including sabotaging her stage sets, attempting to force her on camera, gossiping about her to other staff, and harassing her online.

28.    When Ms. Smalls sought protection from inappropriate customer behavior, Danny responded dismissively and refused to assist her,

reinforcing her belief that she was unsafe and unprotected, particularly on shifts where Danny was the sole manager.

29.    The discriminatory treatment extended beyond Danny to other management personnel. Manager Darryl made racially charged statements to Black dancers, including telling them that "Deja Vu treats you Black girls better than the rest will," suggesting that Black dancers should accept discriminatory treatment as normal or inevitable.

30.    Management characterized Black dancers as "greedy" for requesting leniency on slow nights when club fees consumed a disproportionate share of their earnings, reflecting racial bias toward Black employees' financial concerns.

31.    Management tolerated and enabled customers who disrespected Black performers. In one instance, manager Kyle told Black dancer Mariah to "go away" in front of a customer who had disrespected her because of her race.

32.    Ms. Smalls was subjected to heightened scrutiny of her movements, breaks, and sales in comparison to non-Black dancers, further evidencing disparate treatment based on race.

33.    The discrimination culminated in Ms. Smalls' termination on or

about November 7, 2025, following an incident involving Natalia, a non-Black employee and former dancer who violated club policy by entering the stage area, interfering with Ms. Smalls' scheduled set, and collecting tips.

34.    Natalia had previously been terminated as a dancer at Deja Vu and was later rehired in a bartending role at a related establishment, making her fully aware of club rules prohibiting such conduct. Nonetheless, her violations were tolerated on Danny's shifts.

35.    When Ms. Smalls politely asked Natalia to leave the stage so she could perform her scheduled set, Natalia refused.

36.    Ms. Smalls reported Natalia's interference to Danny, who dismissed her complaint and responded with sexually inappropriate remarks rather than enforcing club policy.

37.    When Ms. Smalls attempted to calmly address Natalia's conduct and come to an understanding regarding Natalia's actions, Danny aggressively inserted himself into the interaction, got in Ms. Smalls' face, and ordered her to leave the premises.

38.    Danny then fabricated a false account of the incident to manager Darryl, claiming that the interaction was "explosive" and that Ms. Smalls had been arguing with Natalia in the parking lot, when no such argument

occurred.

39.    At least two witnesses contradicted Danny's false account and confirmed that Ms. Smalls conducted herself professionally throughout the incident.

40.    Video footage shows Ms. Smalls attempting to engage in a calm, adult conversation, contradicting management's claims of hostility.

41.    Despite the availability of witnesses and contrary evidence, Darryl failed to conduct any meaningful investigation and relied solely on Danny's account and silent camera footage without audio.

42.    Ms. Smalls was terminated immediately without progressive discipline, suspension, or prior formal warning.

43.    Following her termination, Danny continued to engage in retaliatory conduct by monitoring Ms. Smalls' social media accounts.

44.    Screenshots show Danny surveilling Ms. Smalls' online activity as of December 2, 2025, nearly a month after her termination, despite corporate instructions to delete the club's social media page.

45.    Ms. Smalls accurately described Danny's conduct as ongoing harassment and bullying that persisted even after her employment ended.

46.    The workplace was characterized by systemic safety failures,

including inadequate security despite multiple violent incidents in and around the club.

47.    Ms. Smalls was assaulted by a customer but did not report the incident out of fear of retaliation and termination, reflecting the hostile and unsafe environment for Black dancers.

48.    Other dancers were also assaulted by customers, and management failed to intervene or meaningfully address the violence, further evidencing deliberate indifference to employee safety.

49.    As a direct and proximate result of Defendants' discriminatory and retaliatory conduct, Ms. Smalls has suffered lost wages, emotional distress, mental anguish, embarrassment, humiliation, and damage to her professional reputation.

50.    Ms. Smalls has been deprived of the opportunity to continue earning income as an entertainer and has suffered loss of future earning capacity as a result of Defendants' unlawful race discrimination and wrongful termination.

## COUNT I
### VIOLATION OF 42 U.S. CODE § 1981
### FOR DISCRIMINATION ON THE BASIS OF RACE

51.    Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52.    42 U.S.C. § 1981 guarantees all persons the same right "to make and enforce contracts" as is enjoyed by white citizens. The term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

53.    Plaintiff is a Black female and, at all material times, was entitled to the full and equal benefit of the contractual rights protected by 42 U.S.C. § 1981.

54.    At all times material, Defendant Deja Vu Showgirls Tampa entered into and maintained a contractual employment and/or independent contractor relationship with Plaintiff and exercised control over the terms, conditions, privileges, and termination of that relationship.

55.    At all material times, Defendant, through its managers and agents, acted with intentional racial animus toward Ms. Smalls and other Black dancers, and intentionally interfered with Ms. Smalls' right to make and enforce contracts on the same terms as similarly situated non-Black performers. Defendant's conduct—including racially derogatory comments

about Black women, selective and harsher rule enforcement, disparate scrutiny, refusal to provide workplace protection, and pretextual discipline and termination—was undertaken because of Ms. Smalls' race and had the purpose and effect of depriving her of the benefits, privileges, and conditions of her contractual relationship with Deja Vu.

56.    Similarly situated non-Black dancers and employees were treated more favorably than Ms. Smalls under comparable circumstances. By way of example, white and Latina dancers were permitted to perform without full nudity and were not disciplined for conduct for which Ms. Smalls was threatened with punishment and ultimately targeted; non-Black performers were not subjected to the same heightened monitoring of movements, breaks, and sales; and on November 7, 2025, a non-Black employee (Natalia) violated club rules by entering the stage area and interfering with Ms. Smalls' set without meaningful discipline, while Ms. Smalls—after complaining to management and attempting to address the violation professionally—was singled out, labeled "hostile" based on silent footage without audio, denied a fair investigation despite available witnesses, and terminated. These disparate outcomes support a reasonable inference that race was a motivating factor in the adverse actions taken

against Ms. Smalls.

57.    Defendant violated 42 U.S.C. § 1981 by discriminating against Plaintiff on the basis of race, thereby interfering with Plaintiff's right to perform and continue performing under her contractual relationship with Defendant on equal terms, and by terminating that relationship under pretextual circumstances.

58.    Plaintiff's race was a motivating factor in Defendant's discriminatory actions, and Plaintiff's race was a but-for cause of the interference with her contractual rights and the termination of her contractual relationship.

59.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to: (a) lost wages and/or lost earnings and benefits, past and future; (b) loss of earning capacity; (c) noneconomic damages, including pain and suffering, mental anguish, loss of dignity, embarrassment, humiliation, and loss of capacity for enjoyment of life; and (d) other economic and noneconomic losses allowable under 42 U.S.C. § 1981, according to proof.

60.    Defendant's unlawful conduct was reckless, malicious, willful, and wanton, entitling Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff, JEZHANE SMALLS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, DEJA VU SHOWGIRLS TAMPA, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of 42 U.S. Code § 1981;

D.    Award punitive damages to Plaintiff because of Defendant's

reckless, malicious, willful, wanton, and unlawful discriminatory actions in violation of 42 U.S. Code § 1981;

E.      Award Plaintiff all other damages available under 42 U.S. Code § 1981, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under 42 U.S. Code § 1981, according to proof;

F.      Award Plaintiff pre- and post-judgment interest;

G.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

H.      Grant such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 11th day of January 2026.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709

Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com
Attorneys for Plaintiff